IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome Curry, | ) | C/A No. 2:19-2437-TMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Employers Preferred Insurance Company; Sesame II Inc.; Chip Alexander; Kathryn F. Walton; St. Francis Hospital; Wood Law Group, | ) | |
| Defendants. | ) | |

The plaintiff, Jerome Curry, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes the action should be summarily dismissed without prejudice and issuance and service of process.[1]

**I.     Factual and Procedural Background**

Plaintiff indicates attorney Chip Alexander represented him in his case before the South Carolina Workers Compensation Commission around 2014. (Compl., ECF No. 1-1 at 1.) Petitioner's workers compensation matter arose out of an injury he received while working for Defendant Sesame II, Inc. (Id. at 8.) Plaintiff indicates that the opposing attorney in that case, Kathryn Fiehrer Walton, obtained Plaintiff's mental health records from Defendant St. Francis

---

[1] Defendants Kathryn F. Walton and Wood Law Group appeared and filed a motion to dismiss. That motion is terminated as premature, as the court has not authorized the issuance and service of process in this matter. See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007).

Hospital, even though he never gave Alexander permission to release his medical records. (Id. at 1, 8.) As a result, Walton used those records against Plaintiff in the workers' compensation matter. (Id. at 1.) When Plaintiff confronted Alexander about this, Alexander told him that by law, defense counsel in a workers' compensation matter can obtain a claimant's medical records. (Id. at 2.)

Plaintiff now brings this action alleging violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), his right to privacy, his right to due process, and Occupational Safety and Health Administration ("OSHA") regulations, and seeking damages. (Id., ECF No. 1 at 3, 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate federal jurisdiction over his claim. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C.



§ 1332. As discussed below, the allegations contained in Plaintiff's Complaint do not fall within the scope of either of these forms of this court's limited jurisdiction.

First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff purports to assert causes of action pursuant to HIPAA and unspecified OSHA regulations, and general claims of violations of his rights to privacy and due process. However, HIPAA does not create a private right of action that would allow individuals to seek monetary recovery against entities covered by the law. See Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); Hopkins v. Bethea, No. 3:06-3467-MBS-JRM, 2007 WL 1231652, at *5 (D.S.C. Apr. 23, 2007) (citing Acara v. Banks, 470 F.3d 569 (5th Cir. 2006)). And Plaintiff does not cite to, nor is the court aware of, any OSHA regulation that creates liability pursuant to a federal cause of action for disclosure of medical records. See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted). As to Plaintiff's assertions that the defendants violated his rights to privacy and due process, he provides no plausible allegation that any of the private actor defendants' actions implicate rights conferred by the United States Constitution. See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that where the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal

PJG

controversy," subject matter jurisdiction does not exist over that claim) (citing Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)).  Therefore, federal question jurisdiction does not exist in this case.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978).[2]  In absence of diversity of citizenship, the amount in controversy is irrelevant.  Here, Plaintiff's Complaint alleges that most of the defendants are citizens of South Carolina.  Therefore, the parties in this case are not diverse.

### III. Conclusion

There being no apparent basis of federal jurisdiction over this matter, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.

September 30, 2019  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] As to corporate parties, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1); see also Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).