IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerome Curry, | ) |
| Plaintiff, | ) Civil Action No. 2:19-cv-2437-TMC |
| vs. | ) |
| Employers Preferred Insurance Company, Sesame II Inc., Chip Alexander, Kathryn F. Walton, St. Francis Hospital, and Wood Law Group, | ) **ORDER** |
| Defendants. | ) |

Plaintiff Jerome Curry ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action seeking damages against Defendants Employers Preferred Insurance Company, Sesame II Inc., St. Francis Hospital, Wood Law Group, and attorneys Kathryn F. Walton and Chip Alexander ("Defendants") for alleged violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"),[1] the Occupational Safety and Health Administration ("OSHA") regulations,[2] his right to privacy, and his due process rights. (ECF No. 1 at 3, 5). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b), (e) (D.S.C.). Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the action without prejudice and without issuance and service of process. (ECF No. 12). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Plaintiff filed objections to the Report, (ECF No. 19), and subsequently moved to amend his

---

[1] Pub. L. No. 104-191, 110 Stat. 1936 (1996).

[2] 29 C.F.R. § 1900 *et seq*.

Complaint and for summary judgment on the pleadings, (ECF Nos. 33, 34). This matter is now ripe for review.

## BACKGROUND

On November 1, 2018, while working at a restaurant owned by Defendant Sesame II, Inc., Plaintiff suffered nerve damage to his right middle finger when his right hand became caught in a meat grinder. *See* (ECF No. 1-1 at 3). As a result of this injury, Plaintiff initiated proceedings before the South Carolina Workers' Compensation Commission and was represented in those proceedings by attorney Chip Alexander. *See id*. at 1. In his Complaint, Plaintiff alleges that his employer's attorney in the workers' compensation case, Defendant Kathryn F. Walton, improperly obtained Plaintiff's mental health records from Defendant St. Francis Hospital without Plaintiff's consent or permission for the records to be released. *Id*. at 1, 8. Plaintiff alleges Walton then used his medical records against him in the workers' compensation case. *Id*. at 1. Plaintiff asserts that when he confronted his attorney, Alexander, about the medical records, Alexander indicated that an employer's counsel was entitled by law to obtain a claimant's medical records in a workers' compensation matter. *Id*. at 2.

Plaintiff now brings this action claiming that the defendants violated HIPAA as well as his rights to privacy and due process by obtaining his mental health records without his consent, and seeking damages. (ECF No. 1 at 3, 5). Additionally, Plaintiff claims that his employer, Defendant Sesame II, violated OSHA regulations by failing to train him on the proper use of the meat grinder in the first place. *See id*.; *see also* (ECF No. 1-1 at 3–6). Plaintiff asserts that, as a result of all the defendants' actions, he has endured pain and suffering, lost wages, and incurred out-of-pocket medical expenses. (ECF Nos. 1 at 5; 1-1 at 4–7). Therefore, Plaintiff seeks a total award of $300,000.00 for both compensatory and punitive damages. (ECF No. 1-1 at 7).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of a magistrate judge's report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error, s*ee Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the court is not required to provide an explanation for adopting the Report, s*ee Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Plaintiff's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The magistrate judge's Report recommends that Plaintiff's Complaint be dismissed for lack of jurisdiction without prejudice and without service on the Defendants because the Complaint fails to establish a valid basis for jurisdiction, either in diversity or federal question. (ECF No. 12

at 3); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed. However, rather than containing specific objections to the magistrate judge's findings, Plaintiff's objections merely restate his claims and fail to identify any error in the magistrate judge's analysis or conclusions. *See* (ECF No. 19). Nevertheless, the court is able to glean that Plaintiff's objection to the Report is the magistrate judge's finding that there is no federal question jurisdiction over his claims. *See id*. at 3–4.

"'It is a fundamental precept that federal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Accordingly, federal courts must, *sua sponte*, inquire into whether there exists a valid basis for jurisdiction and "dismiss the action if no such ground appears." *Id*. Furthermore, there is no presumption that a federal court has jurisdiction over any given matter and "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick, Md*., 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)); *see also* Fed. R. Civ. P. 8(a)(1) (requiring that a complaint set forth "a short and plaint statement of the grounds for the court's jurisdiction").

Federal question jurisdiction exists if the claims "aris[e] under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. In this case, Plaintiff attempts to assert causes of action pursuant to HIPAA and OSHA regulations, as well as general claims for violations of his due process and privacy rights. However, the HIPAA statute does not provide a private right of action for damages to individuals. *See, e.g*., *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th

4

Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006) ("Every district court that has considered this issue is in agreement that the statute does not support a private right of action."). Similarly, Plaintiff fails to identify, nor is the court aware of, any OSHA regulation creating a federal cause of action imposing civil liability for disclosure of medical records. *See Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43–44 (4th Cir. 1973) (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)) (noting that "the mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize [a] District Court to entertain the suit nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States" (internal quotation marks and alterations omitted)). Finally, with respect to Plaintiff's claims that his rights to privacy and due process have been violated, Plaintiff has provided no plausible allegation that the Defendants' actions in any way interfered with or implicated his rights conferred by the United States Constitution. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012) (noting that subject-matter jurisdiction does not exist over claims that are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as to not involve a federal controversy" (internal quotation marks omitted)). Accordingly, Plaintiff's Complaint fails to establish federal question jurisdiction over any of his alleged causes of action.

Furthermore, with respect to Plaintiff's motion to amend or correct his Complaint,[3] (ECF No. 33), Plaintiff raises no additional allegations in support of his claims which would establish

---

[3] As noted above, Plaintiff has also moved for default judgment and summary judgment based on Defendants' failure to respond to Plaintiff's allegations. *See* (ECF Nos. 33, 34, 37). At this time, however, the court has not yet authorized the issuance and service of process on the Defendants in this matter. Therefore, to the extent Plaintiff moves for default or summary judgment on his claims, such motions are terminated as premature. *See* Fed. R. Civ. P. 4(b), (c);

federal subject-matter jurisdiction.  Additionally, to the extent Plaintiff attempts to assert a § 1983 claim against Defendants, *see* (ECF No. 33 at 2), this also fails to save the Complaint as a matter of law because all Defendants are private actors and are, therefore, not amenable to suit under § 1983.  *See Cox v. Duke Energy*, Inc., 876 F.3d 625, 632 (4th Cir. 2017); *see also Marcantoni v. Bealefeld*, 734 Fed. App'x 198, 199–200 (4th Cir. 2018) (noting that private companies and "private attorneys do not act under color of state law and a § 1983 suit may not be maintained against [them]").

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Plaintiff's objections to the Report (ECF No. 19), as well as his subsequent motion to amend his Complaint (ECF No. 33), to be without merit.  Accordingly, the court adopts the Report of the magistrate judge (ECF No. 12) and incorporates it herein.  It is therefore **ORDERED** that Plaintiff's action be **DISMISSED without prejudice** and without service of process on Defendants.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 15, 2020
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

*In re Procedures in Civil Actions filed by Non-Prisoner* Pro Se *Litigants*, Standing Order No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007).